UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4146

WILLIAM CORREY TALLEY, a/k/a Rat
Rat,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Terrence W. Boyle, Chief District Judge.
(CR-94-65-BO)

Submitted: November 9, 1999

Decided: November 22, 1999

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Michael G. Howell, MCNEIL & GILBERT, Raleigh, North Carolina,
for Appellant. Janice McKenzie Cole, United States Attorney, Anne
M. Hayes, Assistant United States Attorney, John Howarth Bennett,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Correy Talley appeals from his conviction and sentence for conspiracy to distribute and to possess with intent to distribute cocaine base (crack). We affirm Talley's conviction. However, we vacate his sentence and remand for further fact-finding consistent with this opinion.

I.

Dealing first with Talley's contention that the Government improperly used three of its four peremptory challenges consecutively to excuse black jurors, we find that the district court did not clearly err in determining that Talley's objection was untimely. A <u>Batson</u> challenge must be raised no later than before the dismissal of the jury venire. <u>See Morning v. Zapata Protein</u>, 128 F.3d 213, 216 (4th Cir. 1997). Here, it is unclear when the venire was dismissed, although the district court stated at the time of defense counsel's motion that the jury was "being impaneled." However, while the court in <u>Morning</u> held that a <u>Batson</u> challenge raised after the venire had been excused was untimely, the court did not conclude that any challenge raised before the venire was excused was necessarily timely. In fact, the court cited approvingly <u>United States v. Joe</u>, 928 F.2d 99, 103 (4th Cir. 1991), which urged that a <u>Batson</u> objection be raised and evaluated as early as possible.

The district court's factual determination that the objection could have been raised at an earlier time is reviewed for clear error. <u>See Jones v. Plaster</u>, 57 F.3d 417, 425 (4th Cir. 1995). We find that the district court did not clearly err in determining that the objection was untimely. Because we determine that Talley waived his objection, we do not reach the issue of whether he has established a prima facie case under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

2

II.

We need not dwell long on Talley's next complaint: that the district court erred in denying his motion to suppress the testimony of several witnesses under 18 U.S.C. § 201(c) (1994). We have already held that the Government does not violate § 201(c) by granting immunity or leniency or entering into plea agreements to obtain testimony. See United States v. Richardson, ___ F.3d ___, 1999 WL 686892 (4th Cir. 1999).

III.

Talley next argues that, because neither crack nor cocaine base appears on the lists of scheduled controlled substances, the district court should have granted his motion for judgment of acquittal. Talley was convicted of conspiring to violate 21 U.S.C.§ 841(a)(1) (1994). Section 841(a)(1) makes it unlawful for any person to "distribute, or . . . possess with intent to . . . distribute, . . . a controlled substance." 21 U.S.C. § 802(6) (1994) defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." Although Schedule II lists "[c]oca leaves . . . cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation, which contains any quantity of any of the substances referred to in this para- graph," neither "cocaine base" nor "crack" is specifically enumerated as a controlled substance. See 21 U.S.C.§ 812(c) (1994). Talley was charged with a conspiracy involving "cocaine base (crack)."

We find that Talley's claim is meritless. "Cocaine base" clearly falls within the definition of "cocaine, its derivatives, or any com- pound or mixture which contains cocaine." See United States v. Deisch, 20 F.3d 139, 149-52 (5th Cir. 1994); United States v. Sloan, 97 F.3d 1378, 1381-82 (11th Cir. 1996).

In a related argument, Talley asserts that the Supreme Court's deci- sion in Jones v. United States, 526 U.S. 227, 67 U.S.L.W. 4204 (1999), requires a different result. Jones held that the three different intent formulations in the federal carjacking statute, which provide for three corresponding maximum sentences, constitute elements of the

3

offense and are not merely sentencing factors. See 67 U.S.L.W. at 4208. The Court also stated that "under the Due Process Clause . . . and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Id. at 4209 n.6. Talley contends that, under Jones, the weight and type of the controlled substance, which will control the maximum sentence imposed, are elements of the crime.

Talley did not raise the Jones claim below, and therefore, we review for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Because Talley's analysis of Jones is novel and he cites no case from any court adopting his interpretation of its applicability in drug cases, it cannot be said that the district court plainly and obviously erred in denying the motion for acquittal, especially since Jones had not even been decided when Talley was sentenced.

IV.

Next, Talley complains of the district court's factual findings regarding the drug quantity for which Talley was held responsible at sentencing. We find that the district court held Talley responsible for over 1.5 kilograms of crack cocaine without a proper factual finding.

The probation officer identified three witnesses who articulated specific amounts of drugs in their trial testimony. Stewart McDonald claimed that Talley was responsible for over 10.2 kilograms of crack cocaine. Ronald Jerome Perkins recalled a .2 kilogram (nine ounces) sale of powder cocaine. Finally, a conservative estimate of Earl Thornton's recollection of his dealings with Talley resulted in responsibility for 2.4 kilograms of powder cocaine. Therefore, the probation officer recommended that Talley be held accountable for 10.2 kilograms of crack cocaine and 2.6 kilograms of powder cocaine.

Talley objected to the acceptance of McDonald's testimony, contending that he was a contradictory and unbelievable witness. The district court stated that "even if you discount the testimony about the 10.2 kilograms, there's undisputed testimony about the [2.6 kilograms] . . . I find by a preponderance of the evidence in the record

4

that a level 38 is the correct level because it exceeds 1.5 kilograms of crack cocaine." The court then adopted the factual findings in the presentence report.

We review the district court's factual findings as to drug quantity for clear error. See United States v. D'Anjou , 16 F.3d 604, 614 (4th Cir. 1994). The district court's statement that McDonald's testimony could be discounted is not reconcilable with the district court's adoption of the presentence report, which credited McDonald's testimony. Therefore, it is unclear whether or not the district court accepted McDonald's estimates. More importantly, the district court's entire fact-finding in this regard was based on an erroneous premise. According to the presentence report, if McDonald's testimony were disregarded, Talley could only be held responsible for 2.6 kilograms of powder cocaine, which would result in an offense level of 28. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (1998). The district court incorrectly concluded that the remaining 2.6 kilograms were crack cocaine and, thus, reasoned that McDonald's testimony would not have increased Talley's sentence. See id. (1.5 kilograms or more of crack cocaine equals a base offense level of 38). Because it is unclear how the district court would have dealt with McDonald's testimony had it realized the actual affect on Talley's sentence, we conclude that further fact-finding is required.

V.

Lastly, Talley contends that the court erred in sentencing him as a career offender, because one of his predicate convictions occurred during the time period of the instant conspiracy. While Talley asserts that a predicate conviction, for which he was sentenced in 1991, was sustained subsequent to the conduct forming the basis of the current offense, the record is clear that Talley continued his unlawful activity with drugs and was buying and selling crack cocaine as late as 1994. Therefore, Talley's contention is without merit. See United States v. Elwell, 984 F.2d 1289, 1298 (1st Cir. 1993).

Accordingly, we affirm Talley's conviction. We also affirm the district court's determination that Talley is a career offender. However, we vacate Talley's sentence and remand for a determination of the drug type and quantity for which Talley should be held responsi-

ble. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART,</u>
<u>AND REMANDED</u>

6